UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: SEALED MOTION<br><br>***<br><br>**RODNEY JOFFE**,<br><br>Movant,<br><br>**UNITED STATES OF AMERICA**,<br><br>Interested Party. | Case No. 22-mc-21 (CRC) |

**OPINION AND ORDER**

On September 16, 2021, a grand jury indicted lawyer Michael A. Sussmann on a single count of making a false statement to the FBI during a meeting with then-FBI General Counsel James Baker. According to the Indictment, Sussmann requested the meeting to provide the FBI with information—including three "white papers" and associated data files—that he said would support media reports of a secret communications channel between a Russian bank and the Presidential campaign of Donald Trump. Indictment ¶¶ 24, 27, United States v. Michael Sussmann, No. 21-CR-582 (D.D.C. 2021). The Indictment claims that Sussmann concealed the fact that he was providing the information to the FBI in a political capacity. Specifically, Sussmann allegedly told Baker that he was not attending the meeting on behalf of any client when, in fact, he had assembled and was conveying the information on behalf of two specific clients: (1) a technology-industry executive (labeled "Tech Executive-1" in the Indictment) and (2) the Hillary Clinton presidential campaign. Id. ¶ 30.

The Indictment contains a number of allegations about Tech Executive-1's connection to, and preparation of, the data files and white papers Sussmann provided to the FBI. In particular, the Indictment alleges that Tech Executive-1 "exploited his access to non-public data . . . to

conduct opposition research concerning Trump," and "directed . . . employees of two companies in which he had an ownership interest . . . to search and analyze their holdings of public and non-public internet data for derogatory information on Trump." Id. ¶¶ 6, 22(a).

On February 24, 2022, Mr. Rodney Joffe filed a sealed motion in Mr. Sussmann's criminal case.[1]  In the motion, Joffe submits that within days of the Indictment's filing, the media identified him as the individual described in the Indictment as "Tech Executive-1." Mot. to Expunge at 3, ECF No. 1.  He also claims that he and his family have since become the subject of intense media attention as well as harassing and threatening communications. Id. at 3–4.  Joffe asserts that the Special Counsel's inclusion of the allegations against him violates his Fifth Amendment rights by publicly implicating Joffe in wrongdoing without affording him a forum for vindication. Id. at 12.  He thus asks the Court to expunge the references to himself from the Indictment and from another, later filing by the government in Mr. Sussmann's case. Id. at 7 (referencing the Special Counsel's Motion to Inquire). The Special Counsel opposes the motion.  For the reasons described below, the Court will deny Joffe's motion.

"The Due Process Clause of the Fifth Amendment protects an individual from governmental accusations of criminal misconduct without providing a proper forum for vindication." United States v. Korean Air Lines, Ltd., 505 F. Supp. 2d 91, 93 (D.D.C. 2007). However, "stigma standing alone does not implicate due process[.]" In re Interested Party 1, 530 F. Supp. 2d 136, 144 (D.D.C. 2008).  Although an infrequent occurrence, Joffe points to cases where courts have stricken portions of filings in which the government identified uncharged

---

[1] The Court directed the Clerk's Office to open this miscellaneous case to handle the resolution of the motion and permitted the parties to brief the matter under seal until the Court ruled on the motion.  As explained below, the Court will unseal the matter after receiving input from the parties on appropriate redactions of sensitive information.

individuals by name.  E.g., United States v. Briggs, 514 F.2d 794, 797 (5th Cir. 1975) (ordering district court to expunge references to named but uncharged co-conspirators); In re Smith, 656 F. 2d 1101, 1103 (5th Cir. 1981) (striking references to named but uncharged person in two other defendants' guilty pleas); United States v. Anderson, 55 F. Supp. 2d 1163, 1170 (D. Kan. 1999) (striking references to movants who were identified by name as un-indicted coconspirators).

Here, however, the government did not refer to Joffe by name, nor did it include the names of his companies or associates.  And, as the Special Counsel points out, the Indictment does not accuse Joffe of criminal wrongdoing or identify him as an uncharged co-conspirator.  Opp'n at 6.  Indeed, no conspiracy is charged in the Indictment.  This situation is thus analogous to that in Korean Air Lines, where the court denied a motion to expunge because "the plea agreement . . . [did] not identify the movants as co-conspirators, or otherwise describe them as being targets of an investigation or facing criminal liability." Korean Air Lines Co., 505 F. Supp. 2d at 94.  Though some might find Joffe's behavior alleged in the Indictment to be objectionable, "stigma" alone does not implicate due process.  In re Interested Party 1, 530 F. Supp. 2d at 144.  And to the extent Joffe wishes to defend himself against the Special Counsel's accusations, he has demonstrated the ability to do so, including by filing this motion.

Moreover, Court is cognizant that there is "a strong presumption in favor of public access to judicial proceedings," even when such proceedings garner significant media attention. Johnson v. Greater SE Cmty. Hosp. Corp., 951 F.2d 1268, 1277 (D.C. Cir. 1991).  Much of the information Joffe seeks to strike has already been filed on the public docket in other forms.  See Docket, United States v. Sussmann, No. 21-CR-582 (D.D.C. 2021), ECF No. 60 (describing Tech Executive-1's role in gathering the data at issue); ECF No. 61 (relaying Tech Executive-1's communications with researchers about the data); ECF No. 73 (motion to intervene by Tech

Executive-1 to assert attorney-client privilege over four emails). Striking references to Tech Executive-1 in the Indictment and the Motion to Inquire would not un-ring this bell.

Finally, the Court finds that Joffe has not met his burden to keep the filings in this action under seal. See United States v. Hubbard, 650 F.2d 293, 317–22 (D.C. Cir. 1980). Much of the contents of Joffe's motion and the Special Counsel's opposition refer to evidence the government expects to offer at trial and has already been publicly disclosed and reported widely. Joffe's privacy interest in this already-public information is minimal. Washington Post v. Robinson, 935 F.2d 282, 291 (D.C. Cir. 1991). However, the Court recognizes that certain information in the briefing, such as sensitive personal details about Mr. Joffe and his family members, and certain information contained in exhibits to the motion, raise legitimate privacy and security concerns and should remain redacted. Accordingly, the Court will direct the parties to submit proposed redactions from the briefs before the Court unseals them.

For the foregoing reasons, it is hereby

**ORDERED** that [1] Movant's Sealed Motion to Intervene and to Expunge References to Tech Executive-1 is DENIED. It is further

**ORDERED** that the parties shall, by May 4, 2022, submit proposed redacted versions of the briefing that omit the sensitive categories of information identified above. It is further

**ORDERED** that the papers filed in this matter shall remain under seal until further order of this Court.

**SO ORDERED**.

                                                       CHRISTOPHER R. COOPER
                                                       United States District Judge

Date:   April 27, 2022